ORIGINAL

FILED

06/18/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0551

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## DA 21-0551

STATE OF MONTANA,

      Plaintiff and Appellee,

v.

STEPHEN ROSS BENNETT,

      Defendant and Appellant.

O R D E R

FILED

JUN 1 8 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Stephen Ross Bennett (Bennett) has filed a Petition for Rehearing of this Court's Opinion issued on April 2, 2024. *See State v. Bennett,* 2024 MT 70N. The State has filed an objection.[1]

This Court "will consider a petition for rehearing presented only upon [a showing] [t]hat it overlooked some fact material to the decision; [t]hat it overlooked some question presented by counsel that would have proven decisive to the case; or [t]hat its decision conflicts with a statute or controlling decision not addressed by the supreme court." M. R. App. P. 20(1)(a). "A petition for rehearing is not a forum in which to rehash arguments made in the briefs and considered by the Court." *State ex rel. Bullock v. Philip Morris, Inc.,* 217 P.3d 475, 486, 2009 Mont. LEXIS 443 (citing M. R. App. P. 20(1)(a)). Having reviewed the Petition along with the State's Objection, we conclude that Bennett has not demonstrated the existence of any of the criteria which would warrant rehearing. M. R. App. P. 20(1)(a)(i)-(iii).

Bennett argues that this Court's determination that the District Court "was not incorrect to conclude that Bennett's theory about loading the truck was extraneous to issues to be decided by the jury" is at odds with the facts of this case. He also contends that the

---

[1] On April 15, 2024, we entered an order granting Bennett's counsel's motion to withdraw and permitting Bennett to file a petition for rehearing *pro se.*

outcome of his trial would have been different in the absence of the District Court's "biased and inappropriate statements" regarding his legal theories. However, these arguments are reiterations of his contentions on appeal; mainly, that the District Court's comments at trial prejudiced him. Again, the focus of the inquiry for the jury at trial, and our Opinion on appeal, was Bennett's conduct after the crash occurred, not whether the truck was properly loaded and his assumption that it was. Bennett also includes new facts in his Petition concerning his recollections about the crash and an interview between a juror from the trial and a private investigator. As this Court has explained, we may not rely on facts and testimony outside of the record in resolving a case. *Havre Daily News, LLC v. City of Havre*, 2006 MT 215, ¶ 25, 333 Mont. 331, 142 P.3d 864. Accordingly, we conclude that Bennett has not justified rehearing pursuant to our standard in M. R. App. P. 20(1)(a).

IT IS ORDERED that the Petition for Rehearing is DENIED and DISMISSED.

The Clerk is directed to mail copies hereof to counsel of record for the respective parties.

DATED this 18 day of June, 2024.

Justices